FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

2015 JUL 30 P 12:55

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| CMN.COM, LLC | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:15-CV-972 (CMH/MSN) |
| John Doe | ) | |
| Defendant | ) | |

In Re:

Bestedsites.com; AssociatesDegree.com; Onlineuniversities.net; NursingDegree.net; ZenCollegeLife.com; Onlineclasses.net; OnlineCourses.net; MastersDegree.com; OnlineColleges.org; MBAOnline.com; Onlineschool.org; MSNdegree.com

## Verified Complaint

Comes Now Plaintiff CMN.COM, LLC by and through its counsel, and files this complaint against John Doe.

I. <u>Nature of the Suit</u>

1. This is an action for violation of the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

2. The Plaintiff is seeking injunctive and other equitable relief as a result of the actions of the Defendant, John Doe who gained unauthorized access to the Plaintiff's email account on a protected computer, and used this access to transfer control of Subject Domain Names from the Plaintiff's account and therefore disabled the Plaintiff's ability to use and control its domain names causing irreparable injury to the Plaintiff.

1

II. The Parties

3. Plaintiff, CMN.COM, LLC (hereinafter "Plaintiff") is a Texas limited liability company with its principal place of business at 1001 McKinney, Suite 400, Houston, Texas 77002. The Plaintiff, acting through a variety of subsidiaries and sub-subsidiaries, acquired the Subject Domain Names at various times since 2009.

4. Upon information and belief Defendant John Doe is one individual acting under a fictitious name and address to conceal his identity.[1] The Defendant has used one name, Ahmed Guettouche with an address of either Ramdania, Douera, Alger 1600, Algeria, 1600, or 64 Rue Rahmania, Alger, Algers, a phone number of 213-5502296l1 and an email of guettamed@gmail.com, but generally conceals his identity and location through a number of privacy services.  Upon information and belief, the name and address provided are not legitimate or complete.

5. The Subject Domain Names, the *res* of this *in rem* action, with their registries all of which are located within this judicial district, are:

| 1 | Bestedsites.com | Verisign, Inc.[2] |
| 2 | AssociatesDegree.com | Verisign, Inc. |
| 3 | Onlineuniversities.net | Verisign, Inc. |

---

[1] The same IP address was used in all of the thefts and the same entity pushed the subject domains from the Plaintiff's control.

[2] Verisign, Inc.'s primary place of business is 21355 Ridgetop, Circle - Lakeside III, Dulles, Virginia 20166, within this judicial district.

2

DocuSign Envelope ID: FE2AA577-F458-4A93-8CCF-92D0767DBDC8

| 4 | NursingDegree.net | Verisign, Inc. |
| 5 | ZenCollegeLife.com | Verisign, Inc. |
| 6 | Onlineclasses.net | Verisign, Inc. |
| 7 | OnlineCourses.net | Verisign, Inc. |
| 8 | MastersDegree.com | Verisign, Inc. |
| 9 | OnlineColleges.org | The Public Interest Registry, Inc.[3] |
| 10 | MBAOnline.com | Verisign, Inc. |
| 11 | Onlineschool.org | The Public Interest Registry, Inc. |
| 12 | MSNdegree.com | Verisign, Inc. |

6. The Defendant gained unauthorized access to the Plaintiff's email systems on a protected computer system and transferred control of the Subject Domain Names away from the Plaintiff.

7. Plaintiff, acting through a subsidiary, upon information and belief acquired the domain <BestEdSites.com> on October 21, 2011 and, since that time, used the domain in commerce.

8. On June 9, 2015 the Plaintiff learned that the Defendant with an address of Whois Privacy Protection Service, Inc., PO Box 639 Kirkland, Washington 98083 and an email

---

[3] The Public Interest Registry, Inc.'s primary place of business is 1775 Wiehle Avenue, Suite 100, Reston, Virginia 20190 within this judicial district.

3

address of bestedsites.com@protecteddomainservices.com had previously transferred the domain <BestEdSites.com> from the Plaintiff's control without authority. (See current WHOIS, Exhibit A-1.)

9. Plaintiff, acting through a subsidiary, upon information and belief acquired the domain <AssociatesDegree.com> on February 15, 2012 and since that time used the domain in commerce.

10. On June 9, 2015 the Plaintiff learned that the Defendant with an address of Domain Administrator, 1928 E. Highland Avenue, Suite F104, PMB#255, Phoenix, Arizona 85016 and an email of pw-14f778343e95d47e19ae7926c71fb82b@privacyguardian.org had previously transferred the domain <AssociatesDegree.com> from the Plaintiff's control without authority. (See current WHOIS, Exhibit A-2.)

11. Plaintiff, acting through a subsidiary, upon information and belief acquired the domain <OnlineUniversities.net> on August 20, 2009 and since that time used the domain in commerce.

12. On June 9, 2015 the Plaintiff learned that, on May 12, 2015, the domain <Online Universities.net> was transferred from Plaintiff's control without authority by Ahmed Guettouche with an address of Douera, Alger 16000, Algiers, and was subsequently transferred to the Defendant with an address of Privacy Inc. Customer 0140074619, 96 Mowat Avenue, Toronto, M6K 3M1, Canada and an email of onlineuniversities.net@contactprivacy.com. (See current WHOIS, Exhibit A-3.)

Case 1:15-cv-00972-CMH-MSN Document 1 Filed 07/30/15 Page 5 of 17 PageID# 5
DocuSign Envelope ID: FE2AA577-F458-4A93-8CCF-92D0767DBDC8

13. Plaintiff, acting through a subsidiary, upon information and belief acquired the domain <NursingDegree.net> on April 21, 2014 and since that time used the domain in commerce.

14. On June 9, 2015 the Plaintiff learned that, on March 1, 2015, the domain <NursingDegree.net> was transferred from Plaintiff's control without authority by Ahmed Guettouche with an address of 64 Rue Rahmania, Alger, Algiers, and was subsequently transferred to the Defendant with an address of Whoisguard Protected, PO Box 0823-03411, Panama City, Panama and an email of 9ae5117fdc264e43a0db3fc88cd7ef43.protect@whoisguard.com. (See current WHOIS, Exhibit A- 4.)

15. Plaintiff, acting through a subsidiary, upon information and belief acquired the domain <ZenCollegeLife.com> on January 18, 2013 and since that time used the domain in commerce.

16. On June 9, 2015 the Plaintiff learned that the Defendant with an address of Privacy Inc. Customer 0140121215, 96 Mowat Avenue, Toronto, Ontario, M6K 3M1, Canada and an email of zencollegelife.com@contactprivacy.com had previously transferred the domain <ZenCollegeLife.com> from the Plaintiff's control without authority. (See current WHOIS, Exhibit A-5.)

17. Plaintiff, acting through a subsidiary, upon information and belief acquired the domain <OnlineClasses.net> on October 5, 2010 and since that time used the domain in commerce.

18. On June 9, 2015 the Plaintiff learned that, on May 23, 2015, the domain <OnlineClasses.net> was transferred from Plaintiff's control without authority by Ahmed Guettouche with an address of 64 Rue Rahmania, Alger, Algiers, and was subsequently transferred to the Defendant with an address of Domain Admin, ID #10760, PO Box 16, Nobby Beach, Queensland, QLD 4218, Australia and an email address of contact@privacyprotect.org. (See current WHOIS, Exhibit A- 6.)

19. Plaintiff, acting through a subsidiary, upon information and belief acquired the domain <OnlineCourses.net> on December 21, 2009 and since that time used the domain in commerce.

20. On June 9, 2015 the Plaintiff learned that, on February 20, 2015, the domain <OnlineCourses.net> was transferred from Plaintiff's control without authority by Ahmed Guettouche with an address of 64 Rue Rahmania, Alger, Algiers, and was subsequently transferred to the Defendant with an address of Domain Administrator, Privacy Guardian, 1928 E. Highland Avenue, Suite F104, PMB #255, Phoenix, Arizona 85016 and an email address of pw-55cbd7e4f796f28c8b77e76f2f31f050@privacyguardian.org. (See current WHOIS, Exhibit A- 7.)

21. Plaintiff, acting through a subsidiary, upon information and belief acquired the domain <MastersDegree.com> on December 26, 2012 and since that time used the domain in commerce.

22. On June 9, 2015 the Plaintiff learned that the Defendant with an address of Whoisguard Protected, PO Box 0823-03411, Panama City, Panama and an email of 01df10cb5ec74f698136f401eb865a8e.protect@whoisguard.com had previously transferred the domain <MastersDegree.com> from the Plaintiff's control without authority. (See current WHOIS, Exhibit A- 8.)

23. Plaintiff, acting through a subsidiary, upon information and belief acquired the domain <OnlineColleges.org> December 22, 2012 and since that time used the domain in commerce.

24. On June 9, 2015 the Plaintiff learned that the Defendant with an address of Domain Admin, ID #10760, PO Box 16, Nobby Beach, Queensland, QLD 4218, Australia and an email address of contact@privacyprotect.org had previously transferred the domain <OnlineColleges.org> from the Plaintiff's control without authority. (See current WHOIS, Exhibit A- 9.)

25. Plaintiff, acting through a subsidiary, upon information and belief acquired the domain <MBAOnline.com> on July 25, 2011 and since that time used the domain in commerce.

26. On June 9, 2015 the Plaintiff learned that the Defendant with an address of Whoisguard Protected, PO Box 0823-03411, Panama City, Panama and an email of 364952110e264b25b7817f2d211cf388.protect@whoisguard.com had previously transferred the domain <MBAOnline.com> from the Plaintiff's control without authority. (See current WHOIS, Exhibit A-10.)

27. Plaintiff, acting through a subsidiary, upon information and belief acquired the domain <OnlineSchool.org> July 1, 2010 and since that time used the domain in commerce.

28. On June 9, 2015 the Plaintiff learned that the Defendant with an address of Moniker Privacy Services, 1800 SW 1st Avenue, Suite 440, Portland, OR 97201 and an email of onlineschool.org@monikerprivacy.net had previously transferred the domain <OnlineSchool.org> from the Plaintiff's control without authority. (See current WHOIS, Exhibit A- 11.)

29. Plaintiff, acting through a subsidiary, upon information and belief acquired the domain <MSNDegree.com> on December 22, 2012 and since that time used the domain in commerce.

30. On June 9, 2015 the Plaintiff learned that the Defendant with an address of Whois Privacy Protection Service, Inc., PO Box 639 Kirkland, Washington 98083 and an email address of msndegree.com@protectddomainservices.com had previously transferred the domain <MSNDegree.com> from the Plaintiff's control without authority. (See current WHOIS, Exhibit A- 12.)

III. Jurisdiction and Venue over the Subject Matter of this Action

31. This action arises out of the Defendants violation of the Anticybersquating Consumer Protection Act, 15 U.S.C. § 1125(d) and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

32. This Court has original jurisdiction pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and has *in rem* jurisdiction over the Subject Domain Names pursuant to 15 U.S.C. § 1125(d)(2)(A), insofar as the registries for the domain .com, .org and .net domain names, Verisign, Inc., and The Public Interest Registry, Inc., are located within this judicial district.

DocuSign Envelope ID: FE2AA577-F458-4A93-8CCF-92D0767DBDC8

33. Venue is proper in this district pursuant to 15 U.S.C. § 1125(d)(2)(C) as the subject registries Verisign, Inc. and the Public Interest Registry, Inc., have their principal places of business in this judicial district. Venue is further proper pursuant to 28 U.S.C. §1391(b)(2) as the subjects of the action resides in this district.

34. The Defendant John Doe directed the acts complained of towards the district and utilized instrumentalities in the district in that he gained unauthorized access to the Plaintiff's email systems and domain name management account and associated computer records and thereafter, without authorization, caused the domain name registration records maintained by Verisign, Inc. and The Public Interest Registry for the Subject Domain Names to be altered so as to transfer control of the Subject Domain Names away from the Plaintiff.

35. The Declaratory Judgment Act, 28 U.S.C. § 2201 provides for a declaration of the rights of the Plaintiff in this matter.

IV. Notice

36. Pursuant to ACPA § 1125(d)(2)(A)(ii)(II)(aa), notice of the filing of this complaint is being sent to the Defendant at the postal and email addresses provided on the current WHOIS records as set forth above.

37. The Plaintiff is providing such notice contemporaneously with the filing of this Complaint. Pursuant to 15 U.S.C. §1125(d2)(A)(ii)(II)(bb), Plaintiff will promptly publish notice of this action as the court may direct after filing of this Complaint.

38. The Plaintiff's claim in the alternative for violation of the Computer Fraud and Abuse Act, and the Court's jurisdiction over the alternative claim, are proper pursuant to 15 U.S.C. § 1125(d)(3) and (4).

39. Joinder of the Subject Domain Names is proper under Federal Rule of Civil Procedure § 20(a)(2) in that the claims set forth herein arise out of the same set of operative facts and the questions of law are common to all claims and Defendants.

V. Factual Background

40. The Plaintiff, acting through it's subsidiaries, acquired each of the Subject Domain Names as set forth on the below chart, has owned the Subject Domain Names since registration and has used each Subject Domain Name in commerce since that date.

| | Domain | Date Acquired |
|---|---|---|
| 1 | Bestedsites.com | 10/21/2011 |
| 2 | AssociatesDegree.com | 2/15/2012 |
| 3 | Onlineuniversities.net | 8/10/2009 |
| 4 | NursingDegree.net; | 4/21/2014 |
| 5 | ZenCollegeLife.com; | 1/18/2013 |
| 6 | Onlineclasses.net | 10/5/2010 |
| 7 | OnlineCourses.net | 12/21/2009 |
| 8 | MastersDegree.com; | 12/26/2012 |

| 9 | OnlineColleges.org | 12/22/2012 |
| --- | --- | --- |
| 10 | MBAOnline.com | 7/25/2011 |
| 11 | Onlineschool.org | 7/1/2010 |
| 12 | MSNdegree.com | 12/22/2012 |

41. The Plaintiff is in the business of connecting students with educational organizations in both undergraduate and post graduate educational fields including both general and specialized education. The Plaintiff has used the Subject Domain Names in commerce since their acquisition and has common law rights in the names.

42. In addition, the Plaintiff earns substantial sums of money from web pages associated with the Subject Domain Names.

43. The Subject Domain Names are extremely valuable and are collectively valued at more than Three Hundred Thousand Dollars ($300,000).

44. Further, through the use over many years, the Plaintiff has established a reputation for accurate and meaningful information on the websites associated with the Subject Domain Names.

45. The Plaintiff controls its domain names through its email system.

46. The Plaintiffs email system is maintained on a protected computer and access to the account should be restricted to only that person with the Plaintiff's username and password.

DocuSign Envelope ID: FE2AA577-F458-4A93-8CCF-92D0767DBDC8

47. On or before June 9, 2015 the Defendant gained unauthorized access to the Plaintiff's email system and subsequently altered the domain name registration record for the Subject Domain Names.

48. The Plaintiff learned that it had lost control of the domain names when, on June 9, 2015, it attempted to update its website and could not access or exercise control over the domain names.

49. The Defendant has taken control of the Subject Domain Names with the intent to divert the substantial advertising revenue produced by the web site associated with the domain names to himself.

50. The Defendant has taken control of the Subject Domain Names with the intent to redirect the Plaintiffs customers from web sites controlled by the Plaintiff to web sites controlled by the Defendant.

51. The Defendant has taken control of the Subject Domain Names with the intent to resell the Domain Names.

52. The Defendant has taken control of the Subject Domain Names with the intent to damages the good reputation and good will which the Plaintiff has built in the Subject Domain Names over many years.

53. The Defendant's registration and use of the Subject Domain Names is without the Plaintiff's authorization.

54. The Defendant has no intellectual property rights in the Subject Domain Names.

55. The Defendant provided misleading or incomplete contact information in the domain name registration when changing the registration for the Subject Domain Names.

56. The Defendant's actions are in violation of these aforementioned rights of Plaintiff.

VI. Causes of Action

Count I
Claim for Declaratory Judgment

57. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full. Plaintiff had registered each of the Subject Domain Names as alleged above and has, since that time, maintained uninterrupted control over the Subject Domain Names.

58. The Defendant's actions have taken control of the Subject Domain Names from Plaintiff without authorization or permission.

59. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides for a declaration of the rights of the Plaintiff in this matter.

Count II
Anticybersquating Consumer Protection Act (ACPA), 15 U.S.C. § 1114(2)(d)

60. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full. Plaintiff has owned the Subject Domain Names for many years and has used them to both promote its businesses and generate substantial income and has common law rights in the marks.

61. The Defendants actions constitute registration, trafficking, or use of a domain name that is identical to the Plaintiff's trademark with bad faith intent to profit therefrom.

62. The Plaintiff, because of the Defendant's actions, is being prevented from using and exercising control over the Subject Domain Names.

63. The Plaintiff is being harmed through the loss of prospective traffic to it business, loss of income and loss of business and loss of prospective business opportunities unless enjoined.

64 The Plaintiff's business reputation and standing is at risk from posting of improper, illegal, incorrect or otherwise harmful information on the web pages associated with its domain names.

65. The Plaintiff, despite diligent inquiry, has been unable to obtain the accurate identity of a person subject to this Court's jurisdiction who would have been a defendant in a civil action pursuant to 15 U.S.C. § 1125(d)(2)(A)(i)(I).

66. The above described conduct of the Defendant registrant of the Subject Domain Names constitutes unlawful cybersquatting in violation of the Anticybersquating Consumer Protection Act, 15 U.S. C. § 1125(d)(1).

67. The above described conduct by the Defendant has caused, and is causing, great and irreparable harm to the Plaintiff and the public, specifically the potential posting of improper, illegal, incorrect or otherwise harmful information on the web pages associated with its domain names. Unless permanently enjoined by this Court, said irreparable harm will continue. Accordingly, pursuant to 15 U.S. C. § 1125(d)(2)(D)(i), the Plaintiff is entitled to an order transferring the Subject Domain Names registration to the Plaintiff.

Count III
Tortuous Interference with Contractual Relationship

68. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full. The Plaintiff properly entered into contracts with the registrars for the Subject Domain Names before the Subject Domain Names were stolen.

69. The Defendant has unlawfully taken control of the Subject Domain Names, interfering with Plaintiff's lawful contract rights to the Subject Domain Names.

70. As a result of the Defendant's acts, the Plaintiff has been damaged and will continue to be damaged. The Plaintiff requests that this Court declare Defendant liable for its past and any future losses in association with the registration service contracts.

## Count IV
### Conversion

71. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full. Plaintiff has property rights in the Subject Domain Names.

72. The Defendant has taken control of the Subject Domain Names and is wrongfully exercising control and authority over the Subject Domain Names.

73. The control and authority exercised by the Defendant deprives the Plaintiff of control and the income and business generated from the Subject Domain Names.

74. The Defendant is wrongfully exerting dominion over the Plaintiff's property in denial of its rights.

## Count V
### Violation of the Computer Fraud and Abuse Act

75. The Plaintiff repeats and realleges the previous paragraphs as if set forth in full.

76. The Defendant knowingly and intentionally accessed the Plaintiff's email systems on a protected computer without authorization and thereby obtained information from the protected computer in a transaction involving an interstate or foreign communication in violation of 18 U.S.C. § 1030(a)(2)(C).

77. The Defendant knowingly, and with intent to defraud, accessed the Plaintiff's email system on a protected computer without authorization and obtained information from that computer which the Defendant used to further a fraud and obtain something of value in violation of 18 U.S.C. § 1030(a)(4).

78. The Defendant intentionally accessed the Plaintiff's email system on a protected computer without authorization and as a result of such conduct caused damage and loss in violation of 18 U.S.C. § 1030(a)(5)(C).

79. The Plaintiff has suffered damages as a result of the conduct complained of and such conduct has caused a loss to the Plaintiff during a one-year period aggregating to at least $5,000.

80. As a direct result of the actions complained of, the Plaintiff has suffered, and continues to suffer, irreparable harm for which the Plaintiff has no adequate remedy at law and which will continue unless enjoined.

WHEREFORE, The Plaintiff respectfully requests of this court:

I. That judgment be entered in favor of the Plaintiff on its claims for violation of the Anticybersquating Consumer Protection Act; and

II. That judgment be entered in favor of the Plaintiff on its claims for violation of the Computer Fraud and Abuse Act; and

III. Enter an order declaring that CMN.COM, LLC and its subsidiaries are the only entities with any rights to the contract controlling the Subject Domain Names; and

IV. Enter an order declaring that the Defendant does not have any rights to the Subject Domain Names; and

V.     Enter an order directing that the Subject Domain Names be promptly transferred to Plaintiff; and

VI.     Enter an Order directing Verisign and the Public Interest Registry, Inc., as appropriate, to promptly return control of the Subject Domain Names to CMN.COM, LLC or its subsidiaries and the registrar as directed by counsel for the Plaintiff; and

VII.     Award the Plaintiff its fees and costs, including reasonable attorney fees, in connection with this action pursuant to 15 U.S.C. § 1117(a); and

VIII.     That the Court grant such other relief to the Plaintiff as the Court deems just and proper.

Dated:

Respectfully Submitted,

CMN.COM, LLC
By Counsel

_____
Jonathan Westreich, Esq.
VSB No. 37393
604 Cameron Street
Alexandria, Virginia 22314
703-299-9050 / fax: 703-548-1831
jonathan@westreichlaw.com

Counsel to the Plaintiff

Verification

I, Stephen Amante, the Chief Financial Officer of CMN.COM, LLC, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that CMN.COM, LLC, acting through subsidiaries, is the original owner of each of the subject domain names listed above and the facts contained in the foregoing complaint are true and correct.

7/29/2015
_____
Date

Stephen Amante
_____
CMN.COM, LLC
By Stephen Amante, CFO

17