IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CMN.COM, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:15-cv-972-CMH-MSN |
| | ) |
| JOHN DOE, et al., | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff CMN.COM's Motion for Entry of Default Judgment ("Mot. Default J.") (Dkt. No. 13), pursuant to which Plaintiff seeks an order transferring to Plaintiff control of the following 12 domain names: Bestedsites.com, AssociatesDegree.com, Onlineuniversities.net, NursingDegree.net, ZenCollegeLife.com, Onlineclasses.net, OnlineCourses.net, MastersDegree.com, OnlineColleges.org, MBAOnline.com, Onlineschool.org, and MSNdegree.com. Having reviewed the record, including Plaintiff's Amended Complaint ("Compl.") (Dkt. No. 9) and Memorandum of Law in Support of Default Judgment ("Mem. Supp. Default J.") (Dkt. No. 15), the undersigned makes the following findings and recommends entering default judgment in Plaintiff's favor.

**I.  Background**

Plaintiff is "in the business of connecting students with educational organizations." Comp. ¶ 41. To that end, Plaintiff maintains various informational websites. *See id*. ¶ 42. This case concerns the misappropriation of the 12 domain names listed above ("Domain Names"), which are or have until recently been associated with Plaintiff's websites.

Plaintiff acquired the Domain Names between 2009 and 2014. *Id.* ¶ 40. The websites associated with the Domain Names have earned Plaintiff substantial revenue, *id.* ¶ 42, as well as "a reputation for [publishing] accurate and meaningful information." *Id.* ¶ 44. Plaintiff estimates the collective value of the Domain Names at over $300,000. *Id.* ¶ 43.

On June 9, 2015, Plaintiff discovered that an unknown individual had taken control of the Domain Names. *Id.* ¶ 48. The individual had evidently hacked into Plaintiff's email system, exploited that access to change the registration of the Domain Names, and had provided misleading or incomplete contact information to the registries—Verisign and The Public Interest Registry—to obscure his or her identity.[1] *Id.* ¶¶ 46-47, 55. Plaintiff asserts that this individual took control of the Domain Names for nefarious purposes, intending to 1) divert advertising revenues from Plaintiff's websites to him or herself, *id.* ¶ 49; 2) redirect Plaintiff's customers to his or her own websites, *id.* ¶ 50; 3) sell the Domain Names to a third party, *id.* ¶ 51; and 4) damage the reputation that Plaintiff has established through operating the websites associated with the Domain Names. *Id.* ¶ 52.

On July 30, 2015, Plaintiff filed suit under the Anti-cybersquatting Consumer Protection Act ("ACPA") in an effort to regain control of the Domain Names.[2] Seeking to proceed *in rem* against the Domain Names pursuant to the ACPA, Plaintiff obtained an order from the Court granting leave to serve process via email, physical mail, and publication. *See* Order Granting Motion for Leave to Serve Process by Email and Publication 2-3 (Dkt. No. 6). Plaintiff certified its compliance with that order on August 24, 2015. *See* Notice of Filing of

---

[1] The contact information provided for the re-registered Domain Names varied, but all were re-registered from the same IP address, indicating that the same individual was responsible for all. *See* Compl. ¶ 4 n.1. In some instances the unknown individual provided the name "Ahmed Guettouche" and gave an address in Algeria, but Plaintiff believes this information to be false. *Id.* ¶ 4.

[2] Plaintiff brought several other claims, but none of those are relevant to Plaintiff's motion for default judgment.

Proof of Publication (Dkt. No. 10). When Plaintiff received no response, the clerk entered default as to the John Doe defendant and the Domain Names. *See* Clerk's Entry of Default as to John Doe and Defendant Websites (Dkt. No. 12). Plaintiff filed the instant motion for default judgment on September 4, 2015. No defendant appeared at the September 18, 2015 hearing held on Plaintiff's motion, and the undersigned took the matter under advisement.

## II. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1338(a) because it involves a federal question arising under the ACPA, 15 U.S.C. § 1125(d).

This Court has *in rem* jurisdiction over the Domain Names, pursuant to 15 U.S.C. § 1125(d)(2)(A), because Plaintiff alleges violations of its common law trademark rights, *see* Compl. ¶ 40-41, 44, and Plaintiff has been unable through due diligence to ascertain the identity of the current registrant of the Domain Names. *See* Notice of Filing of Proof of Publication (Dkt. No. 10).

Venue is proper under 15 U.S.C. § 1125(d)(2)(C) because the registries for the Domain Names, Verisign and The Public Interest Registry, are located in this District. Comp. ¶ 5.

## III. Service of Process

A plaintiff bringing an *in rem* action under the ACPA when the identity of a domain name's registrant is unknown may serve process by 1) sending notice of the lawsuit to the listed email and physical addresses of the domain name registrant, and 2) publishing notice of the action as directed by the court. 15 U.S.C. § 1125(d)(2)(A)(ii), (B). Plaintiff obtained leave from the Court to proceed in this manner. *See* Order Granting Motion for Leave to Serve

3

Process by Email and Publication 2-3 (Dkt. No. 6). Plaintiff then certified that it sent notice to the email and physical addresses currently linked to the Domain Names, and published notice of this action in the Washington Times. *See* Notice of Filing of Proof of Publication (Dkt. No. 10). Plaintiff has thus satisfied the requirements of 15 U.S.C. § 1125(d)(2)(A)(ii) and adequately served process.

### IV. Standard

Default judgment is appropriate if the well-pled allegations of the complaint establish that the plaintiff is entitled to relief, and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see also Traffic Names, Ltd. v. Zhenghui Yiming*, No. 14-cv-1607, 2015 WL 2238052, at *4 (E.D. Va. May 12, 2015). By defaulting, the defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006). Here, as no defendant has answered or otherwise timely responded, the well-pled allegations of fact in the Complaint are deemed admitted.

### V. Discussion and Findings

A plaintiff bringing an *in rem* action under the ACPA against a domain name must demonstrate that the domain name in question infringes the plaintiff's trademark. *See* 15 U.S.C.A. § 1125(d)(1)(A); *see also id*. § 1125(d)(2)(A)(i). This requirement can be satisfied by infringement of a plaintiff's common law right in an unregistered trademark. *See id*. § 1125(d)(2)(A)(i); *see also Traffic Names, Ltd.*, 2015 WL 2238052, at *4.

Plaintiff sufficiently alleges that it possesses common law trademark rights in the Domain Names. Plaintiff registered the Domain Names, *see* Compl. ¶ 40, "used the . . . Domain Names in commerce" by publishing information related to its business on their associated websites, *see id*. ¶ 41, monetized that web traffic, *see id*. ¶ 42, and "established a reputation" in connection with the Domain Names. *Id*. ¶ 44. For purposes of the present motion, "Plaintiff's registration of the . . . Domain Names and use of them in business since that registration establishes [its] common law rights in the marks." *Traffic Names, Ltd.*, 2015 WL 2238052, at *4.

Having established that Plaintiff possesses trademark rights that bring this case within the ACPA's ambit, "[t]he first inquiry under the ACPA is whether [the Domain name's present registrant] acted with a bad faith intent to profit from a protected mark." *Virtual Works, Inc. v. Volkswagen of Am., Inc.*, 238 F.3d 264, 269-71 (4th Cir. 2001); 15 U.S.C. § 1125(d)(1)(A)(i). The statute includes a non-exhaustive list of factors for courts to consider in making this determination, including the current registrant's intent to divert visitors away from the plaintiff's website in a manner that might adversely affect the plaintiff's trademark rights, and the registrant's intent to sell the domain name to a third party. Accepting as true the factual allegations in Plaintiff's Complaint, as the Court must, these factors favor a finding of bad faith. *See* Compl. ¶¶ 49-52. Statutory factors aside, the circumstances of this case—which was filed after an anonymous hacker misappropriated domain names registered to Plaintiff, *see id*. ¶¶ 46-47, 55—dictate a finding of bad faith as a matter of common sense.

"The second inquiry under the ACPA is whether [the domain name's current registrant] . . . registered, trafficked in, or used a domain name . . . that is identical or confusingly similar to" the plaintiff's trademark. *Virtual Works, Inc.*, 238 F.3d at 270; 15

U.S.C.A. § 1125(d)(1)(A)(ii). There can be little doubt that this test is met here. The domain names in question are not merely similar to Plaintiff's common law trademarks, but are Plaintiff's own trademarked domain names re-registered under an assumed name. *See* Comp. 40, ¶¶ 46-47, 55.

In light of the above, Plaintiff has established that it is entitled to relief under the ACPA. Remedies in an *in rem* action under the ACPA are limited to "forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark." 15 U.S.C. § 1125(d)(2)(D)(i). Plaintiff requests the latter, seeking an order from this Court, directed at Verisign and The Public Interest Registry, transferring the Domain Names back to Plaintiff's control. *See* Mem. Supp. Default J. 3. Plaintiff asks that the order include specific language, *see* Mot. Default J. 2, which Plaintiff's counsel advised at oral argument has been requested by Verisign for the sake of clarity. The undersigned Magistrate Judge finds that Plaintiff is entitled to the requested order.

Finally, Plaintiff requests that the Court dismiss its remaining claims without prejudice should the Court grant this motion. *See* Mot. Default J. 2; Mem. Supp. Default J. 3. The undersigned finds that, in light of the disposition of the instant motion, Plaintiff's remaining claims should indeed be dismissed without prejudice.

## VI. Recommendation

The undersigned recommends 1) entering default judgment in Plaintiff's favor on Plaintiff's claims under the ACPA; 2) dismissing Plaintiff's remaining claims without prejudice; and 3) issuing an order directing the registries of the Domain Names to transfer the Domain Names to Plaintiff, including the following language:

> It is hereby ORDERED, as further relief in this matter that the Registry of Record, being Verisign, The Public Interest Registry, or some other Registry, shall

promptly change the registrar for the domain names Bestedsites.com, AssociatesDegree.com, Onlineuniversities.net, NursingDegree.net, ZenCollegeLife.com, Onlineclasses.net, OnlineCourses.net, MastersDegree.com, OnlineColleges.org, MBAOnline.com, Onlineschool.org, and MSNdegree.com as directed by Plaintiff's Counsel; and it is further

ORDERED that the registrar of the domains names listed in the previous paragraph of this Order shall place the referenced domain names in the account as directed by the Plaintiff's Counsel.

## VII. Notice

By means of the court's electronic filing system, and by mailing a copy of this Report and Recommendation to Defendants at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

September 28, 2015
Alexandria, Virginia